Gaylord A. Toft, Appellee, v. Acacia Mausoleum
Corporation, Appellant.

Gen. No. 42,569.

Heard in the third division
of this court for the first district at the February term, 1943.
Opinion filed April 26, 1944.

KAMFNER & HALLIGAN, of Chicago, for appellant; EDWIN A. HALLIGAN and SAMUEL M. LANOFF, both of Chicago, of counsel.

KIRBY H. WELLS, of Chicago, for appellee.

MR. PRESIDING JUSTICE HEBEL delivered the opinion of the court.

On September 1, 1942, judgment by confession for $3,550 was entered in favor of Gaylord A. Toft and against Acacia Mausoleum Corporation. On September 14, 1942, defendant filed its motion and petition in support of its limited appearance to vacate the judgment entered by confession. On September 28, 1942, the court denied defendant's motion to vacate the judgment but granted leave to file an amended petition and affidavit within 5 days. On October 3, 1942, an amended petition to vacate the judgment was filed. On October 21, 1942, a petition and supplemental affidavit to open the judgment and for leave to appear and defend were filed. This motion was denied on October 26, 1942 except as to one half of the amount of the judgment. Defendant appeals from these orders.

The petition and affidavits assert that on September 1, 1934 a promissory note payable to the order of Howard L. Doyle and Paul E. Cheney for $2,500 was executed by Acacia Mausoleum Corporation by Street Lightfoot its president; that the note contains a warrant of attorney to confess judgment; that the note was payable September 1, 1935; that the signing, execution and delivery of the note containing the warrant of attorney was not authorized by the board of directors nor by the by-laws or certificate of incorporation nor under any law applicable to the corporation; that the defendant is and was since prior to September 1, 1934, engaged in the business of maintaining and operating a burial mausoleum; that the note did not relate to any transaction in the ordinary course of such

business; that plaintiff is an attorney and represented defendant as its attorney in the transaction concerning the note, received a fee from defendant for the services rendered by him, acted as its attorney as to other legal matters for a period commencing prior to September 1, 1934 and ending after December 1, 1934; that on September 1, 1934, without the knowledge of defendant, plaintiff represented to Paul E. Cheney, one of the payees, that he, plaintiff, would see that Cheney's interest in the note was protected if the note was turned over to him (plaintiff), whereupon Cheney turned the note over to the plaintiff; that in November 1934, without the knowledge or consent of defendant, plaintiff paid to Cheney the sum of $1,375, at which time Cheney believed that plaintiff was and had been acting for defendant corporation in connection therewith; that in the year 1935 defendant paid to payee Howard L. Doyle the sum of $1,225; that on August 19, 1942, defendant received a letter from Kirby H. Wells as attorney for plaintiff, which was the first knowledge the defendant had that plaintiff claimed to be a holder and owner of the note; that at no time prior thereto did plaintiff ever orally or by any written communication inform defendant that he had acquired the note; that defendant sustained damages of $1,225 with interest thereon at 5 per cent per annum from the date of payment of that sum to Doyle as a result of plaintiff's failure to notify defendant that he had acquired the note from Cheney; and that defendant should be permitted to "set off and counterclaim" against plaintiff as to this sum.

Defendant maintains that its petition and affidavit show that its president was not authorized by the by-laws or charter to execute the note confessed upon, and that the court erred in not granting it leave to appear and defend. The petition and affidavits state that Mr. Lightfoot, its president, did not have authority to sign a warrant of attorney to confess judg-

ment. The reasonable inference from the petition and affidavits is that Mr. Lightfoot had authority to execute the note but that he did not have authority to execute the warrant of attorney to confess judgment.

The final motion presented by the defendant was to open up the judgment. Under defendant's theory the judgment would stand as security until the case presented by its answer was tried and determined. In view of the fact that the motion to vacate the judgment was abandoned, the proposition as to whether Mr. Lightfoot had authority to execute the warrant of attorney became moot. The affidavits and petition filed by defendant show that the execution of the note was ratified by the corporation by its acceptance of the benefits thereof and by making a payment thereon with knowledge of the facts relating to its execution.

The petition to open the judgment contains an allegation that "not later than November 1934, and without the knowledge or consent of Mausoleum Corporation, Toft secretly acquired the note at a very substantial discount; that is, at a cost to him of not over $1,375, and that such acquisition was in violation of Toft's duty and fiduciary obligation to Mausoleum Corporation as its said attorney, and that, in consequence, Toft holds the note as a trustee for the benefit of Mausoleum Corporation."

The trust relationship between plaintiff and defendant, relied upon by defendant, was a constructive trust. To exempt a trust from the operation of the statute of limitations it must be a direct trust, belonging exclusively to the jurisdiction of a court of equity. Constructive trusts, arising from partnerships, agencies and the like, are subject to the statute. *Lancaster v. Springer*, 239 Ill. 472, 482; *Herr v. Payson*, 157 Ill. 244. Where no fraudulent concealment is alleged, the 5-year statute of limitations runs from the date of the breach of the attorney's duty, and not from the date the client had notice of such purchase. There is

no allegation anywhere in the defendant's petition or affidavits that the plaintiff fraudulently concealed from the defendant the fact that he had acquired the note. It is alleged that plaintiff purchased the note in November 1934. The failure of defendant to learn of the purchase of the note does not prevent the operation of the statute of limitations. Defendant, in effect, is endeavoring to have a constructive trust declared on the theory that when plaintiff purchased the note he did so for its benefit. Defendant states that the statute of limitations was not raised as an issue by the plaintiff in the trial court, and that hence he should be precluded here, and that there is no rule which is more firmly established than that in an action at law the statute of limitations must be specifically pleaded in the trial or it is waived. On an appeal by the defendant plaintiff is entitled to urge every ground presented by the record which supports the judgment in his favor. Having obtained all the relief he deemed himself entitled to he may sustain the judgment upon any ground warranted by the record, though he may wish to show that the court below erred in not giving it to him on different or additional grounds. *People v. Bradford,* 372 Ill. 63; *Hillmer v. Chicago Bank of Commerce,* 375 Ill. 266.

The order entered October 26, 1942, from which defendant prosecutes its appeal, shows that the court considered the petition and the affidavits filed by the defendant and the entire record in the case and that "after argument of counsel and due deliberation" the motion to open up as to one half of the judgment was denied. It is patent that the court considered the petition, affidavits, the entire record, and the arguments of counsel. The record does not show what arguments were presented by counsel for plaintiff. The presumption is in favor of the judgment entered by the court, and the burden is on the defendant to bring up the full record. Presumably the plaintiff argued the point

which he argues in this court. We are of the opinion that plaintiff has a right to argue that the defense sought to be asserted is barred by the 5-year statute of limitations. It is unnecessary to consider the other points urged by defendant.

For the reasons stated, the judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*

BURKE and KILEY, JJ., concur.